**MANDATE**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

CTDC/NHCT
01-cv-1606
DORSEY

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 2nd day of June, two thousand and four.

PRESENT:

    HON. JAMES L. OAKES,
    HON. CHESTER J. STRAUB,
        *Circuit Judges,*
    HON. MILTON POLLACK
        *District Judge.*[*]



---

SEAN BROWN,

    *Plaintiff-Appellant,*

v.

**SUMMARY ORDER**
No. 03-7632

AMERICAN GOLF CORPORATION,

    *Defendant-Appellee.*

---

Appearing for Plaintiff-Appellant:    Eroll V. Skyers, The Barrister Law Group, LLC, Bridgeport, CT.

---

[*] The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: 9/23/04

*Brown v. American Golf Corp.*
No. 03-7632
Page 2

| | |
|---|---|
| Appearing for Defendant-Appellee: | Deborah S. Freeman, Bingham McCutchen LLP, Hartford, CT. |

Appeal from the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-Appellant Sean Brown ("Brown") appeals from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*) entered on June 4, 2003, granting summary judgment to Defendant-Appellee American Golf Corporation ("American Golf").

On August 23, 2001, Brown, who is African-American, filed a complaint alleging that he was terminated from his job as superintendent of Keney Golf Course ("Keney") on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* Brown alleged also that he was subjected to a hostile work environment and retaliation in violation of Title VII. On April 29, 2003, the District Court granted summary judgment to American Golf on Brown's claims of discriminatory discharge and hostile work environment, but denied summary judgment on Brown's retaliation claim. However, the District Court granted American Golf's motion for reconsideration of that ruling, and on June 4, 2003, granted summary judgment to American Golf on the retaliation claim. On appeal, Brown argues that both his claims of discriminatory discharge and retaliation should have survived summary judgment.

We review the District Court's grant of a summary judgment *de novo. Boule v. Hutton*,

*Brown v. American Golf Corp.*
No. 03-7632
Page 3

328 F.3d 84, 90 (2d Cir. 2003). Regarding Brown's discriminatory discharge claim, the District Court, applying the framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), found that Brown established a *prima facie* case, but failed to present sufficient evidence to show that American Golf's asserted reason for firing him was pretext for race discrimination. American Golf asserts that Brown was fired because he failed to apply a certain chemical ("FF2") before the first snow fall to prevent Keney's greens from developing snow mold, and he used a dump truck to remove the snow from the greens, against the instructions of his supervisor. In support of his claim that these reasons are pretext for race discrimination, Brown asserts that a white superintendent of another golf course owned by American Golf also failed to apply FF2 but was not fired. However, Brown acknowledged that this superintendent did not drive a dump truck onto the greens. The other evidence Brown offers in support of pretext is either conclusory or fails to support a finding of pretext. Because Brown failed to proffer evidence "from which a fact-finder could reasonably conclude that [American Golf's] reason[s] [were] pretextual and that the real reason was discrimination," *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 317 (2d Cir. 1999), the District Court's grant of summary judgment on Brown's discriminatory discharge claim was proper, *id.* at 318.

On August 30, 1997, Brown sent a memorandum entitled "Discrimination Complaint" to American Golf, which asserted that he had been subject to disparate treatment while working for the company. Brown claims that American Golf retaliated against him for filing this complaint first by placing him on a "Performance Improvement Plan" in November 1997 and then by terminating him in January 1998.

*Brown v. American Golf Corp.*
No. 03-7632
Page 4

Brown's claim that his termination was retaliation fails because he has not provided sufficient evidence from which a reasonable jury could find that American Golf's reasons for firing him were pretext for retaliation. *See Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

Brown's claim that being placed on the Performance Improvement Plan constituted retaliation in violation of Title VII fails at the *prima facie* stage because being placed on the Performance Improvement Plan was not an adverse employment action.[**] The Performance Improvement Plan instructed Brown to attend several seminars, read certain materials, implement ways to reward his co-workers, review and follow a business plan, conduct weekly staff meetings, and implement certain planning and scheduling mechanisms. "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id.* (quoting *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). We conclude that being instructed to follow the requirements of the Performance Improvement Plan did not constitute an adverse employment action and therefore Brown has failed to establish a *prima facie* case of retaliation.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

---

[**] A prima facie case of retaliation under the Title VII requires proof that: (1) the plaintiff was engaged in an activity protected under the Title VII; (2) the employer was aware of the plaintiff's participation in the protected activity; (3) the plaintiff was subject to an adverse employment action; and (4) there is a nexus between the protected activity and the adverse action taken. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 465 (2d Cir. 1997).

*Brown v. American Golf Corp.*
No. 03-7632
Page 5

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

BY: *Lucille Carr*     DATE: 6/2/04

**A TRUE COPY**
Roseann B. MacKechnie, CLERK

by *Tammy Martinez*
   DEPUTY CLERK

*Brown v. American Golf Corp.*
No. 03-7632
Page 5